UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL BERRY,

                Plaintiff,

    v.

J. WHITE, *et al.*,

                Defendants.

Case No. C14-1015-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiff has presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also submitted an application to proceed with this action *in forma pauperis*. Plaintiff alleges in his complaint that he was denied his right to testify at his criminal trial, that he was not adequately represented by his attorneys, that he was taken advantage of because of his inability to read and to fully understand the proceedings, and that his reputation has been harmed as a result of his criminal proceedings. Plaintiff identifies King County Superior Court Judge Jay White, defense attorney Terry Kamp, and prosecuting attorney Keisha Washington as defendants in this action. Plaintiff's complaint contains no specific request for relief.

REPORT AND RECOMMENDATION
PAGE - 1

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

It appears clear from the face of the complaint that the claims asserted by plaintiff call into question the lawfulness of his conviction on state court criminal charges. However, plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, invalidated, or impugned in any way. Thus, under *Heck*, plaintiff's § 1983 claims have not yet accrued, and are therefore not cognizable in this proceeding. As plaintiff has not stated a cognizable claim for relief in these proceedings, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be dismissed, without prejudice, prior to service, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

DATED this 28th day of July, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 2